AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. **12-4848SAG** |
| LUIS A. COLON-BACENET | ) | |
| | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  12/13/2012  in the county of  Cecil County  in the  _____  District of  Maryland , the defendant violated  18  U. S. C. § 1343 , an offense described as follows:

the defendant did knowingly devise a scheme to defraud the State of New York of taxes due on liquor sold in the State of New York, and as part of that scheme to defraud did transmit or cause to be transmitted signals and sounds by wire in interstate commerce to Maryland for the purpose of executing that scheme to defraud.

This criminal complaint is based on these facts:
SEE THE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert J. Gerace, Homeland Security TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  12/14/2012

_____
*Judge's signature*

City and state:  Baltimore, Maryland

Stephanie A. Gallagher, U.S. Magistrate *Judge*
*Printed name and title*

12-4848SAG

**AFFIDAVIT**

I. **Purpose of the Affidavit**

This affidavit is respectfully submitted in support of a criminal complaint charging LUIS A. COLON-BACENET with knowingly committing wire fraud in violation of 18 U.S.C. section 1343.

II. **Affiant**

Your Affiant, Task Force Officer Robert Gerace, is a Detective with the Baltimore Police Department (BPD) in Baltimore, Maryland, and is also currently a duly certified Task Force Officer with the United States Department of Homeland Security - Homeland Security Investigations (HSI), formerly United States Immigration and Customs Enforcement (ICE). As a Task Force Officer with HSI and a Detective with the BPD, your Affiant has personally conducted and participated in investigations that involved wire fraud and money laundering, among other offenses.

III. **Applicable Statute**

Title 18 U.S.C. § 1343 (Wire Fraud)

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall [have committed an offense].

IV. **Probable Cause**

Your Affiant has participated in the investigation of the facts and circumstances outlined in this affidavit., and I have

1

also reviewed reports made to me by other agents and officers of HSI, Alcohol and Tobacco Tax and Trade Bureau (TTB), Bureau of Alcohol, Tobacco and Firearms (ATF), Internal Revenue Service (IRS), New York State Tax Criminal Investigations Division (NYSTCID), other law enforcement authorities, and from sources as indicated herein. This is a summary that is not meant to include each and every fact known to me.

Beginning in July 2011, the HSI Office of the Special Agent in Charge, Baltimore, Maryland, initiated an investigation into the smuggling of liquor from Cecil County, Maryland, to New York. A number of confidential informants, who personally participated in the sale of liquor to the smugglers over the past few years, have provided information over the past several months.

Those informants stated that a number of individuals in New York routinely contacted liquor stores in Cecil County and ordered large quantities of liquor by telephone, email, or faxes sent from New York to Maryland. The liquor distributors then sent salesmen to the liquor stores and the salesmen filled the orders.

The smugglers from New York would then drive vans or trucks from New York to Cecil County, pay cash to the liquor store managers, load the cases of liquor into the vans or trucks, and drive back to New York where the liquor was sold without paying the New York taxes. The value of these orders was routinely over $10,000.

During the course of this investigation, Your Affiant and other surveillance agents saw a number of vans and trucks bearing

New York and New Jersey license plates arriving almost daily at least six Cecil County liquor stores. Agents frequently observed cases of liquor being loaded into the vans or trucks, literally through the back doors of the stores. Agents then followed a number of these same vans and trucks as they headed up I-95 towards New York. Police stopped at least five of these vehicles and confirmed that they were loaded with cases of liquor.

New York authorities followed a number of these vans and trucks and confirmed that liquor retailers in and around New York City were selling the liquor without paying New York State and City taxes.

I know from my training and experience that criminals often profit by purchasing distilled spirits at lower tax rates in one state and then transporting the distilled spirits for sale in a state with a higher tax rate. I know that the state tax rate in Maryland for distilled spirits is $1.50 per gallon, and that the rate in the state of New York is $6.44 per gallon with an additional tax rate of $1.00 per gallon for the City of New York. Thus, the purchase of liquor in Maryland for sale in New York caused the defrauding of New York of the tax amounts that were due and owing for products sold in New York. Because the orders for liquor were placed by telephone, email, and fax from New York to Maryland, the fraud, as outlined above, was committed by wire in violation of 18 U.S.C. Section 1343.

In November 2012, one of the informants mentioned above (CS-1) contacted me and stated that liquor smugglers from New York had

contacted an owner of Northside Liquors in Cecil County at the end of November in an effort to order some liquor from Maryland. Based on personal observations working at a Cecil County liquor store, CS-1 is familiar with the process of illegal liquor sales to smugglers from New York.

According to CS-1, an individual known as "Carlos" called from New York on Tuesday, December 11, 2012, and told an owner of Northside Liquors that he wanted to order 300 cases of a particular brand of whiskey. "Carlos" agreed to bring cash from New York to pay for the liquor and made arrangements to pick the 300 cases up at Northside Liquors in Cecil County on Thursday, December 13, 2012.

On Thursday, December 13, 2012, the defendant, LUIS A. COLON-BACENET, arrived at Northside Liquors in one vehicle with another individual who was driving a truck. The defendant paid the owner of Northside Liquors approximately $115,000 in cash and accepted delivery of the 300 cases. The two men then loaded over 200 cases of the liquor into the truck. When the truck and defendant began to drive northbound on I-95 towards New York, the truck and the defendant were stopped by duly authorized agents and officers; the liquor was seized and "Carlos" was identified as LUIS A. COLON-BACENET.

V. Conclusion

Based on the foregoing, I respectfully submit that there is probable cause to believe that, on December 13, 2012, LUIS A. COLON-BACENET did knowingly devise a scheme to defraud the State

4

and City of New York of taxes due on liquor to be sold in the State and City of New York, and as part of the scheme to defraud did transmit and cause to be transmitted signals and sounds by wire in interstate commerce to Maryland for the purpose of executing that scheme to defraud.

_____
Robert J. Gerace
Task Force Officer
Homeland Security Investigations

Subscribed and sworn before me on December 14, 2012.

_____
Stephanie A. Gallagher
United States Magistrate Judge