# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 12-4848** |
| | * | |
| | * | |
| **LUIS COLON-BACENET** | * | |
| **aka Carlos Hernandez** | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR DETENTION REVIEW

The United States, by Rod J. Rosenstein, United States Attorney, and Evan T. Shea, Assistant United States Attorney, files this Response to Defendant's Request for Detention Review.  The government opposes the Defendant's request for conditions of release.  Detention is appropriate under 18 U.S.C. § 3142(f)(2)(A) because there is a serious risk that the Defendant will flee.  Specifically, upon his arrest, the Defendant provided the arresting officers and pretrial services a false name and has not provided a suitable location where he would reside pending trial.   In further support of its Response, the government states the following:

1.      The Defendant has been charged with wire fraud under 18 U.S.C. § 1343.  Specifically, the Defendant is charged with purchasing liquor in Maryland, and then attempting to transport it to New York to sell it there and thereby avoid New York State liquor taxes.

2.      When the Defendant was arrested, he provided the arresting officers and pretrial services a false name, Luis Colon-Bacenet.  The government was later able to determine that the Defendant's name is in fact Carlos Hernandez.  The Defendant appears to have admitted this fact by including "aka Carlos Hernandez" in the caption of his motion.

3.      Furthermore, pretrial services has been unable to verify the Defendant's address or identify any other suitable location for him to reside pending trial.  In his motion, the Defendant represents that he has a close friend in North Brunswick, New Jersey, who does not have a criminal record with whom the Defendant could reside pending trial.  The government cannot agree that this is a suitable location without further information regarding the Defendant's relationship with this close friend and further assurance that he will in fact be reachable at that location pending trial.

4.      Although the specific conduct alleged in the criminal complaint in this matter – the purchase of 300 cases of liquor – involved an estimated loss amount (tax losses to New York) between $5,000 and $10,000, the government's evidence of the crime is strong.  *See* 18 U.S.C. § 3142(g)(2).[1]  According to a confidential informant, on December 11, 2012, a person identifying himself as "Carlos" called Northside Liquors in Cecil County, Maryland, from New York, ordered 300 cases of liquor, and agreed to bring over $100,000 in cash from New York to make the purchase.  On December 13, 2012, the Defendant was observed paying the over $100,000 in cash to the owner of Northside Liquors in Cecil County, Maryland, and loading a truck with the 300 cases of liquor.  The Defendant and a truck carrying the liquor were stopped heading north-bound on Interstate 95 toward New York.

5.      Finally, given that the Defendant apparently had access to over $100,000 in cash with which to purchase the liquor from Northside Liquors, it is likely that he has access to large amounts of cash that would allow him the ability to more easily flee.

---

[1]      The Defendant states that the tax loss in this case for sentencing would be between $5,000 and $12,500 under USSG § 2T1.4.  However, because the charge in this case is wire fraud under 18 U.S.C. § 1343, the relevant guideline section would be Section 2B1.1. Under Section 2B1.1, the Defendant's offense level would likely be 9 prior to any reduction for acceptance of responsibility, as the loss is between $5,000 and $10,000 and the statutory maximum for wire fraud is more than 20 years.

2

6.      Given the misrepresentations made by the Defendant upon his arrest, the lack of information regarding the individual with whom he proposes to reside, his apparent access to large amounts of cash, and the strength of the government's evidence, conditions of release in this case are not appropriate.

For the reasons set forth above, the government respectfully requests that the Defendant's request for conditions of release be denied and that he continue to be detained pending trial.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

/s/_____
Evan T. Shea
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4982
D. Md. Bar No. 28677

<u>Certificate of Service</u>

I hereby certify that on January 16, 2012, a copy of the Government's Response to the

Defendant's Request for Detention Review was filed with the Court and served on all parties

electronically via CM/ECF.


/s/_____
Evan T. Shea
Assistant U.S. Attorney